UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1725 PSG (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | OWB REO LLC v. Rashmi Bhatt, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING case to state court

     On October 9, 2012, Defendants Rashmi Bhatt and Barbara Bhatt (collectively "Defendants") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff OWB REO LLC ("Plaintiff"). Dkt # 1. After reviewing Defendants' notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

     Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

     The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for federal question jurisdiction to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law, and does not present a federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1725 PSG (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | OWB REO LLC v. Rashmi Bhatt, et al. | | |

      Defendants' notice of removal argues federal question jurisdiction is established because the action falls within the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"), 12 U.S.C. § 5220. *Not.* 2:2-9. Defendants contend that the PTFA preempts the California unlawful detainer law under which Plaintiff brought this action. *Id.* Defendants' contentions amount to an argument that federal question jurisdiction is established based on Defendants' preemption defense to the unlawful detainer action. This argument is contrary to law. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, at *3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

      There is also no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Defendants' notice of removal does not establish the citizenship of the parties. Furthermore, the Complaint states the amount demanded does not exceed $10,000. *Compl*. at 1:17. This is far below the statutory requirement that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Moreover, the Complaint only prays for possession of the premises and costs of suit. *Compl.* at 3:14-15. There is no indication that this amount could possibly exceed $75,000. Therefore, diversity jurisdiction is also lacking.

      This is the second time Defendants have attempted to remove this unlawful detainer action. On July 24, 2012, Defendants filed a nearly identical removal petition. *See OWB REO LLC v. Michael Cross, et al.* No. 12-CV-1228 (C.D. Cal. 2012), Dkt. #1. On August 2, 2012, the Court remanded the case to state court for the identical reasons as those presented in this Order. *See id.* at Dkt. # 7. The Court advises Defendants that the requirements of Federal Rule of Civil Procedure apply to persons proceeding *pro se* in federal court. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). "Rule 11 provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Id.* at 1388. A Rule 11 sanction may consist of an order to pay a penalty into court, pay attorneys' fees and costs incurred by an opposing part, or a nonmonetary directive from the court. *See* Fed. R. Civ. P. 11. A *pro se* party may be held to have violated Rule 11 by filing an identical pleading that has previously been dismissed. *See Kurkowski v. Volcker*, 819 F.2d 201, 204 (9th Cir. 1987)("We recognize that *pro se* complaints are read liberally, but they still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1725 PSG (SPx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | OWB REO LLC v. Rashmi Bhatt, et al. | | |

same legal theories."). Therefore, the Court advises Defendants that further attempts to remove this action to federal court may result in sanctions.

      For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS the case to state court.

**IT IS SO ORDERED.**